# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| E AND S TRUCKING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-754-D |
| | ) |
| FLEETPRIDE, INC. | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Extend Scheduling Order Deadlines and Trial Date ("Motion to Extend") [Doc. No. 20], Defendant's Motion for Additional Time to Respond to Plaintiff's Motion for Summary Judgment ("Rule 56(d) Motion") [Doc. No. 46], and Defendant's Motion to Expedite Briefing and Review on Defendant's Motion for Additional Time to Respond to Plaintiff's Motion for Summary Judgment [Doc. No. 47]. Plaintiff has responded to each motion [Doc. Nos. 43, 57, 58] and Defendant has replied [Doc. Nos. 44, 62, 63].

## BACKGROUND

Before analyzing these motions, it is first necessary to lay out the convoluted procedural history of this case. On October 23, 2020, the parties submitted a Joint Status Report indicating that they would need approximately nine months to complete discovery. The Court then entered a Scheduling Order [Doc. No. 11] and, consistent with the parties' desired timeline, set the dispositive motion deadline for July 2, 2021 and the close of discovery as August 3, 2021.

On June 14, 2021, Defendant filed its Motion to Extend seeking to extend the outstanding deadlines by 120 days. Plaintiff opposed the motion, and because the briefing cycle for the Motion to Extend was not complete prior to the dispositive motion deadline, Plaintiff elected to file its Motion for Partial Summary Judgment [Doc. No. 42] before the Court had an opportunity to rule on Defendant's Motion to Extend. Defendant did not file a dispositive motion by the deadline because it believed the deadlines were tolled pending a ruling on the Motion to Extend.

Defendant subsequently filed its Rule 56(d) Motion requesting additional time to respond to Plaintiff's Motion for Partial Summary Judgment.[1] The Rule 56(d) Motion was opposed and, once again, the briefing cycle was not complete before the deadline for Defendant to respond to Plaintiff's Motion for Partial Summary Judgment arrived. Defendant therefore responded to Plaintiff's summary judgment motion [Doc. No. 49] and Plaintiff replied [Doc. No. 53] prior to the Court's ruling on the Rule 56(d) motion. Although the filing of Defendant's response to Plaintiff's summary judgment motion would seem to render their request for additional response time moot, Defendant states that their response brief is not intended to waive consideration of the Rule 56(d) motion.

The result of all of this is that the Court is now in the peculiar position of evaluating a request for additional time to respond to a summary judgment motion that has already

---

[1] Defendant's Motion to Expedite Briefing and Review on Defendant's Motion for Additional Time to Respond to Plaintiff's Motion for Summary Judgment was filed on the same day and requested an expedited briefing cycle for the Rule 56(d) Motion.

been responded to, and considering whether to extend a set of deadlines that has already expired and with which only one party has complied.

## DISCUSSION

### A. Motion to Extend Scheduling Order Deadlines

Defendant argues that a modification of the Scheduling Order is warranted because additional time is needed to take depositions and conduct discovery related to the vehicle involved in this case. Plaintiff opposes the motion on the grounds that Defendant has not been diligent in completing discovery and its inattention to these matters is not a sufficient reason to modify the Scheduling Order. In particular, Plaintiff notes that Defendant waited until May 25, 2021 – just over a month before the dispositive motion deadline – to send out its first set of discovery requests.

Rule 16(b)(4) provides that a scheduling order may only be modified for "good cause." FED. R. CIV. P. 16(b)(4). The "good cause" standard "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). Defendant offers absolutely no explanation for why it waited six months and until a month before the dispositive motion deadline to send out discovery requests or to conduct depositions. Nevertheless, it is apparent that an extension of deadlines is necessary because the parties have scheduled depositions past the discovery cutoff. Without an extension, these depositions would run afoul of the Court's Scheduling Order. Accordingly, all outstanding deadlines are extended as follows:

| **Deadline Description** | **New Deadline** |
|---|---|
| Defendant to file final list of expert witness(es) in chief and serve expert reports to Plaintiff. | October 16, 2021 |
| Plaintiff's Final List of Witnesses and Exhibits | October 16, 2021 |
| Defendant's Objections to Plaintiff's Final Exhibit List. | October 30, 2021 |
| Defendant's Final List of Witnesses and Exhibits | October 30, 2021 |
| Plaintiff's Objections to Defendant's Final Exhibit List. | November 13, 2021 |
| Discovery to be completed by | December 1, 2021 |
| Dispositive and *Daubert* motions to be filed | October 30, 2021 |
| Designations of deposition testimony to be used at trial. | January 4, 2022 |
| Motions in Limine, Requested Voir Dire, Requested Jury Instructions, Proposed Findings and Conclusions of Law, and Trial Briefs ("Trial Submissions") | January 4, 2022 |
| Objections and counter-designations to Deposition Testimony | January 11, 2022 |
| Objections to counter-designations | January 18, 2022 |
| Objections or Responses to Trial Submissions | January 18, 2022 |
| Final Pretrial Report | January 4, 2022 |
| Trial Docket | To Be Set |

**B. Rule 56(d) Motion**

Defendant argues additional time to respond to Plaintiff's Motion for Partial Summary Judgment is warranted because it needs to explore a potential spoilation issue it was only recently made aware of and because the depositions of Plaintiff and his expert witness are necessary for an adequate response. Plaintiff asserts that Defendant's lack of diligence in conducting discovery is not sufficient to obtain relief.

4

Rule 56(d) permits a court to defer or deny a summary judgment motion or allow additional time to respond where the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). This requires the nonmovant to provide an affidavit "identifying (1) 'the probable facts not available,' (2) why those facts cannot be presented currently, (3) 'what steps have been taken to obtain these facts,' and (4) 'how additional time will enable [the party] to' obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (citation omitted). "[R]elief under Rule 56(d) is not automatic" but "[r]equests for further discovery should ordinarily be treated liberally." *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017).

Plaintiff seeks summary judgment on their contract and warranty claims, and Defendant avers that discovery related to the repairs performed on the involved vehicle and the cause of the vehicle's breakdown is necessary to adequately respond to the motion. What is missing from Defendant's brief, however, is any explanation as to why these facts could not be presented in a timely manner. The only explanation appears to be that Defendant waited until the end of the discovery period to start gathering the information it needed. Further, Defendant's ability to submit a fully briefed response to Plaintiff's dispositive motion undercuts its argument that the evidence it seeks is necessary to rebut the information presented.

However, in light of the deadline extension outlined above and the fact that substantial discovery activities appear to be ongoing, the Court finds that additional time

to respond is merited. Further, the Court finds that an orderly disposition of the case will best be achieved through a denial of Plaintiff's Partial Motion for Summary Judgment without prejudice to refiling. *See Neill v. State Farm Fire & Cas. Co.*, No. CIV-13-627-D, 2014 WL 7140534, at *1 (W.D. Okla. Dec. 12, 2014). Permitting Plaintiff to refile its dispositive motion will allow both parties an equal opportunity to make use of the extended discovery deadline.

IT IS THEREFORE ORDERED that Defendant's Motion to Extend Scheduling Order Deadlines and Trial Date [Doc. No. 20] is GRANTED, as detailed herein.

IT IS FURTHER ORDERED that Defendant's Motion for Additional Time to Respond to Plaintiff's Motion for Summary Judgment [Doc. No. 46] is GRANTED. Plaintiff's Motion for Partial Summary Judgment [Doc. No. 42] is DENIED without prejudice to refiling. Defendant's Motion to Expedite Briefing and Review on Defendant's Motion for Additional Time to Respond to Plaintiff's Motion for Summary Judgment [Doc. No. 47] is DENIED as moot.

**IT IS SO ORDERED** this 18th day of August, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge